1  MARSHALL E. ROSENBACH, ESQ. (State Bar No. 214214)
   **LAW OFFICES OF MARSHALL E. ROSENBACH**
2  468 N. Camden Drive, Suite 200
   Beverly Hills, California 90210
3  Telephone: (310) 860-4764
   Facsimile: (310) 860-4763
4
   Attorneys for Plaintiff
5  **KENNETH BLUE**

6

7
                    UNITED STATES DISTRICT COURT
8
                   CENTRAL DISTRICT OF CALIFORNIA
9

10 KENNETH BLUE, an individual;              ) CASE NO. CV11- 09202 DSF (AJWx)
                                              )
11                      Plaintiff,            )
                                              ) **DEMAND FOR JURY TRIAL**
12 vs.                                        )
                                              )
13 WILLIAM JAMES ADAMS, JR. aka               ) **COMPLAINT (FOR**
   WILL.I.AM. aka WILL I AM, an               ) **DAMAGES AND OTHER**
14 individual; HIDDEN BEACH                   ) **RELIEF):**
   RECORDS, LLC, a California limited         )
15 liability company; HIDDEN BEACH            ) **1. COPYRIGHT**
   MUSIC PUBLISHING LLC, a                    ) **INFRINGEMENT**
16 California limited liability company;      ) **2. CONSTRUCTIVE TRUST**
   INTERSCOPE RECORDS, an unknown             ) **3. ACCOUNTING**
17 business entity; INTERSCOPE                ) **4. QUANTUM MERUIT**
   GEFFEN A&M, an unknown business            )
18 entity; CHERRY LANE MUSIC                  )
   PUBLISHING COMPANY, INC., a                )
19 California corporation; UNIVERSAL          )
   MUSIC GROUP, INC., a Delaware              )
20 corporation; and DOES 1 to 10,             )
   inclusive,                                 )
21                                            )
                                              )
22                      Defendants.           )
                                              )
23

24      Plaintiff, KENNETH BLUE, for his Complaint against the Defendants herein,

25 WILLIAM JAMES ADAMS, JR. aka WILL.I.AM. aka WILL I AM, HIDDEN

26 BEACH RECORDS, LLC, HIDDEN BEACH MUSIC PUBLISHING LLC,

27 INTERSCOPE RECORDS, INTERSCOPE GEFFEN A&M, CHERRY LANE

- 1 -

**COMPLAINT**

MUSIC PUBLISHING COMPANY, INC., UNIVERSAL MUSIC GROUP, INC., and DOES 1 through 10 inclusive, respectfully alleges and shows to the Court as follows:

## GENERAL ALLEGATIONS

### The Parties

1. Plaintiff, KENNETH BLUE (hereinafter "Plaintiff"), is an individual citizen and resident of the City of Los Angeles, County of Los Angeles, and State of California.

2. Plaintiff is informed and believes, and based thereon alleges, that Defendant, WILLIAM JAMES ADAMS, JR. aka WILL.I.AM. aka WILL I AM, is a California resident.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendant, HIDDEN BEACH RECORDS, LLC, is a California limited liability company with its principal place of business in the County of Los Angeles, and State of California.

4. Plaintiff is informed and believes, and based thereon alleges, that Defendant, HIDDEN BEACH MUSIC PUBLISHING LLC, is a California limited liability company with its principal place of business in the County of Los Angeles, and State of California.

5. Plaintiff is informed and believes, and based thereon alleges, that Defendant, INTERSCOPE RECORDS, is an unknown business entity which conducts substantial business in the County of Los Angeles, and State of California.

6. Plaintiff is informed and believes, and based thereon alleges, that Defendant, INTERSCOPE GEFFEN A&M, is an unknown business entity which conducts substantial business in the County of Los Angeles, and State of California.

7. Plaintiff is informed and believes, and based thereon alleges, that Defendant, CHERRY LANE MUSIC PUBLISHING COMPANY, INC., is a

1 California corporation which conducts substantial business in the County of Los
2 Angeles, and State of California.
3     8.    Plaintiff is informed and believes, and based thereon alleges, that
4 Defendant, UNIVERSAL MUSIC GROUP, INC., is a Delaware corporation which,
5 on information and belief, owns the Interscope Defendants named herein, and
6 conducts substantial business in the County of Los Angeles, and State of California.
7     9.    DOES 1 through 10 inclusive are unknown or fictitious parties sued
8 pursuant to Local Rule 3.7.2.1 and California Code of Civil Procedure § 474, or other
9 applicable law or rules. Plaintiff does not know the names or identities of DOES 1
10 through 10 inclusive and pleads accordingly. Upon information and belief, such
11 DOES are liable alternatively or additionally to the named Defendants on one or more
12 of the following Causes of Action, and for all or part of the relief claimed as alter
13 egos, joint tortfeasors, co-conspirators, or otherwise. Plaintiff will amend this
14 Complaint as appropriate to supply the true names of such DOES when learned.

**This Court's Subject Matter Jurisdiction**

16     10.    This Court has jurisdiction over the causes of action asserted herein
17 pursuant to 28 U.S.C. §§ 1338(a), 1337(a), and 1331.
18     11.    This Court additionally has supplemental, ancillary, and pendent
19 jurisdiction pursuant to 28 U.S.C. § 1367(a) and 1338(b).
20     12.    The amount in controversy in this action exceeds the sum or value of
21 $75,000.00 exclusive of interest, costs, and attorneys' fees.

**Venue**

23     13.    Venue is appropriately laid in the United States District Court for the
24 Central District of California, Central Division:
25     a.    Pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(c), because Defendants
26 have sufficient contacts with such District to make them subject to personal
27 jurisdiction if such District were a separate State; and

- 3 -
**COMPLAINT**

b.  Pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred and/ or a substantial part of the property that is the subject of this action is situated within that District.

14. Additionally or alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(a) and 15 U.S.C. § 15 and 22, because, inter alia, Defendants and/or their agent(s) reside or may be found within this District.

15. Pursuant to Rule 9(c), Fed.R.Civ.P., Plaintiff alleges generally that all conditions precedent to all claims hereunder have been performed, have occurred, or have been excused.

16. In conformity with Rule 8(a) and 8(e)(2), Fed.R.Civ.P., Plaintiff has alleged certain alternative or inconsistent grounds and claims for relief. Plaintiff respectfully reserves the right to make an election of remedies or relief, including without limitation any election between contractual and tort or statutory or restitutional or rescissional remedies and any election of statutory as opposed to compensatory damages, until a later stage in this litigation.

## FIRST CAUSE OF ACTION:
## COPYRIGHT INFRINGEMENT
### (UNDER THE COPYRIGHT LAWS OF THE UNITED STATES)

17. In or about 2004, Plaintiff created, composed, authored, and wrote the original musical composition entitled, "New Day" which consists wholly of original material and was and is copyrightable matter under the laws of the United States. Plaintiff is informed and believes, and based thereon alleges, that a claim of copyright in the musical composition "New Day" was registered and recorded with the United States Copyright Office in favor of Plaintiff and/or his agents.

18. From the date of creation through the date of registration, Plaintiff has complied in all respects with the Copyright Act of 1976 and all other laws governing

- 4 -
COMPLAINT

copyright with respect to the above-referenced copyright.

19. Insofar as "New Day" has been "published" within the ambit of the copyright laws, it has been published by or under license or authority of Plaintiff and has been published in strict conformity with all laws governing copyright.

20. On or about November 7, 2008, Defendants, and each of them, released the song, "It's a New Day" performed by Will.I.Am., which became a smash hit, topping various airplay and sales charts, and driving substantial sales.

21. Prior to November 7, 2008, Plaintiff, through his agent, hand delivered the "New Day" composition to Defendants and/or their agents and sent same via overnight mail to Defendants and/or their agents. On information and belief, Defendants, and each of them, directly and/or indirectly, were aware of Plaintiff's "New Day" composition.

22. On information and belief, Defendants copies and incorporated substantial, original portions of Plaintiff's composition, "New Day", in Defendants' musical composition and sound recording, "It's a New Day." There is a substantial similarity between the two works due to Defendants' copying.

23. Defendants' copying, duplication, use, performance, and exploitation of "New Day" in the composition and sound recording of "It's a New Day" constitute infringements of Plaintiff's copyright in the composition, "New Day."

24. Defendants' infringing acts were willful, deliberate, and committed with prior notice and knowledge of Plaintiff's copyright. At a minimum, Defendants acted in reckless disregard of Plaintiff's copyright.

25. In engaging in the acts complained of herein, Defendants, among other things, also failed to properly credit Plaintiff as the author, published, and/or copyright holder of "New Day" and falsely implied that legal authorization was obtained from Plaintiff as copyright owner of "New Day" for the use of his composition in the music composition and sound recordings of "It's a New Day."

COMPLAINT

26. On information and belief, Defendants earned and received millions of dollars and other valuable benefits and consideration from their copying and use of "New Day" in the musical composition and sound recording of "It's a New Day" and in any other uses that may have been made thereof or authorized by Defendants.

27. As set forth above, Plaintiff is, and at all material times hereto has been, the owner of the copyright in the musical composition "New Day" and is entitled and authorized to protect his composition against copyright infringement, including the enforcement of copyright actions. Plaintiff secured the exclusive rights under 17 U.S.C. Section 106, among others, to "reproduce the copyright work in copies or phonorecords," "to prepare derivative works based upon the copyrighted work," and to "perform the copyrighted work publicly."

28. On information and belief, since November 7, 2008, Defendants infringed, and are continuing to infringe on Plaintiff's copyright in the composition, "It's a New Day", including by copying, reproducing, preparing, causing, contributing to, and participating in the unauthorized copying, reproduction, and use of the musical composition "New Day" in "It's a New Day", and use of the musical composition "New Day" in Defendants' composition, "It's a New Day" and causing same to be publicly distributed in retail stores, on the internet, by digital download, through radio and television airplay, and otherwise, including in the Central District of California.

29. Plaintiff did not authorize Defendants to copy, reproduce, perform, or use the composition, "New Day" in their composition or sound recording, "It's a New Day," or at all. Defendants did not seek or obtain any permission, consent, or license from Plaintiff for the copying, reproduction, performance, or use of the composition "New Day" in the composition or sound recording, "It's a New Day," or in any uses thereof that were made or authorized by Defendants, or at all.

30. Defendants' infringing acts alleged herein were willful, deliberate, and

committed with prior notice and knowledge of Plaintiff's copyright. At a minimum, Defendants acted in reckless disregard of Plaintiff's copyright.

31. As a result of their actions, Defendants are liable to Plaintiff for willful copyright infringement under 17 U.S.C. Section 501. Plaintiff suffered, and will continue to suffer, substantial damage to his professional reputation and goodwill, as well as losses in an amount not yet ascertained but which will be determined according to proof and in excess of the jurisdiction of this Court. In addition to actual damages, Plaintiff is entitled to receive the profits made by Defendants from their wrongful acts pursuant to 17 U.S.C. Section 504. In the alternative, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. Section 504(c) which should be enhanced by 17 U.S.C. Section 504(c)(2) because of Defendants' willful copyright infringement.

32. Plaintiff does not have an adequate remedy at law for Defendants' wrongful conduct in that Plaintiff's copyright is unique and valuable property which has no readily determinable market value, the infringement by Defendant constitutes an interference with Plaintiff's goodwill and professional reputation, and Defendants' wrongful conduct and the damages resulting to Plaintiff therefrom is continuing. Defendants' acts of copyright infringement have caused Plaintiff irreparable injury, and Defendants threaten to continue to commit these acts. Plaintiff is entitled to injunctive relief under 17 U.S.C. Section 502 enjoining any use or exploitation by Defendants of their infringing composition and all sound recordings of "It's a New Day" and to an order under 17 U.S.C. Section 503 that any of Defendants' infringing products be impounded and destroyed.

33. Plaintiff is also entitled to recover his attorneys' fees and costs of suit under 17 U.S.C. Section 505.

//

//

- 7 -

**COMPLAINT**

## SECOND CAUSE OF ACTION:
## CONSTRUCTIVE TRUST

34. Plaintiff respectfully repeats and reavers the averments contained in Paragraphs 1 through 33 hereof inclusive, as though restated in full herein.

35. By virtue of their wrongful conduct, Defendants illegally received money and profits that rightfully belong to Plaintiff.

36. Defendants are involuntary trustees, holding the gross receipts from their product sales and revenues to the extent attributable to "It's a New Day" and therefore attributable to the infringement of Plaintiff's copyright therein. Defendants hold such monies and funds on behalf of and subject to a first and prior lien against all others and in favor of Plaintiff. On information and belief, Defendants hold this illegally received money and profits in the form of bank accounts, real property, and personal property that can be located and traced.

37. Plaintiff is entitled to the remedy of a constructive trust in light of Defendants' wrongful infringement of Plaintiff's copyright in "New Day."

## THIRD CAUSE OF ACTION:
## FOR AN ACCOUNTING

38. Plaintiff respectfully repeats and reavers the averments contained in Paragraphs 1 through 37 hereof inclusive, as though restated in full herein.

39. Under 17 U.S.C. 504, Plaintiff may recover any and all profits of Defendants that are attributable to their acts of infringement.

40. A balance is due from Defendants to Plaintiff for misappropriation of profits and gross receipts arising from or attributable to Defendants' copying, reproduction, performance, and use of Plaintiff's composition "New Day" in the composition and sound recording of "It's a New Day" and violation and infringement of Plaintiff's copyright in "New Day."

41.   The exact amount of money due from Defendants is unknown to Plaintiff but is believed to be in excess of the jurisdictional limits of this Court, and can only be ascertained through an accounting.  Plaintiff seeks an order from this Court directing Defendants to provide Plaintiff with an accounting and payment of the amount due as a result of the accounting, plus interest.

## FOURTH CAUSE OF ACTION:
## QUANTUM MERUIT

42.   Plaintiff respectfully repeats and reavers the averments contained in Paragraphs 1 through 41 hereof inclusive, as though restated in full herein.

43.   Additionally and alternatively to all other claims and remedies, Plaintiff is entitled to reasonable compensation from Defendants for his creative work.

WHEREFORE, Plaintiff, KENNETH BLUE, respectfully demands and prays for judgment against the Defendants, WILLIAM JAMES ADAMS, JR. aka WILL.I.AM. aka WILL I AM, HIDDEN BEACH RECORDS, LLC, HIDDEN BEACH MUSIC PUBLISHING LLC, INTERSCOPE RECORDS, INTERSCOPE GEFFEN A&M, CHERRY LANE MUSIC PUBLISHING COMPANY, INC., UNIVERSAL MUSIC GROUP, INC., as follows:

a.   On all Causes of Action, Plaintiff's actual and compensatory general, special, incidental, and consequential damages, in an amount to be shown at trial;

b.   On all Causes of Action, a full accounting for Defendants' receipts and profits, in an amount to be shown at trial;

c.   On the First, Second, and Fourth Causes of Action, disgorgement of any profits of Defendants attributable to their infringement, including the value of all gains, profits, advantages, benefits, and consideration derived by Defendants from and as a result of their infringement of Plaintiff's copyright in "New Day", including

in connection with the composition and sound recording of "It's a New Day";

    d.    On the First, Second, and Fourth Causes of Action, if Plaintiff so elects, in lieu of recovery of actual damages and Defendants' profits, for a 17 U.S.C. Section 504(c) award of statutory damages against Defendants, and each of them, for all copyright infringements (willful or otherwise) involved in this action as to each work in question;

    e.    That the Court declare, adjudge, and decree that Defendants, and each of them, have been and are involuntary and constructive trustees, holding the gross receipts from the aforesaid production, broadcast, distribution, sale, or other subject to a first and prior lien against all others and in favor of Plaintiff.

    f.    On all Causes of Action, such equitable, injunctive, or rescissionary relief as may be appropriate according to law;

    g.    On all Causes of Action, such declaratory relief as may be appropriate according to law declaring the respective rights and duties of all parties in all alleged musical or copyrights at issue, including, without limitation, that Defendants have infringed Plaintiff's rights in the copyright in the composition "New Day" under 17 U.S.C. Section 501, and that the infringement by Defendants was willful;

    h.    On all Causes of Action, the award of Plaintiff's reasonable attorneys' fees, to the extent such an award is allowable and appropriate according to law;

    i.    On all Causes of Action, costs and disbursements as appropriate according to law;

    j.    On all Causes of Action, pre- and post-judgment interest as appropriate according to law; and

    k.    Such other, further, or different relief as to the Court appears proper.

//
//
//

COMPLAINT

1 | DATED: November 4, 2011

LAW OFFICES OF MARSHALL E. ROSENBACH

By: _____
MARSHALL E. ROSENBACH
Attorneys for Plaintiff
**KENNETH BLUE**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

[Rule 38, Fed.R.Civ.P.; Local Rule 3.4.10]

Plaintiff, KENNETH BLUE, hereby respectfully DEMANDS TRIAL BY JURY as to each and every issue in this action so triable.

DATED: November 4, 2011        LAW OFFICES OF MARSHALL E. ROSENBACH

By: _____
MARSHALL E. ROSENBACH
Attorneys for Plaintiff
**KENNETH BLUE**

COMPLAINT